# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT COLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-751-G |
| | ) |
| ALLSTATE VEHICLE AND | ) |
| PROPERTY INSURANCE COMPANY | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## <u>ORDER</u>

Now before the Court is Plaintiff Scott Cole's Motion to Remand (Doc. No. 10). Defendant Allstate Vehicle and Property Insurance Company ("Allstate") has responded (Doc. No. 11) and Plaintiff has replied (Doc. No. 12).

### I.    *Background*

Plaintiff initially filed this action in the District Court of Oklahoma County, Oklahoma, on March 5, 2025. *See* Pet. (Doc. No. 1-1). Plaintiff challenges Allstate's denial of an insurance claim submitted for hailstorm damage to the roof of Plaintiff's dwelling in Edmond, Oklahoma. *See id.* ¶¶ 6, 8, 10, 24; Policy (Doc. No. 1-3) at 5. Plaintiff alleges that the damage was caused by hailstorms occurring in April 2023 and April 2024. Pet. ¶ 7.

Plaintiff brings claims of breach of contract and breach of the duty of good faith and fair dealing against Defendant Allstate. *See id.* ¶¶ 20-37. Plaintiff also asserts a claim against his insurance agent, Matt Siebert Agency, LLC ("Siebert"), for negligent

procurement of insurance/misrepresentation. *See id.* ¶¶ 38-48.

Allstate removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 1-3. Plaintiff then filed the instant Motion to Remand, alleging that Allstate has not met its burden of establishing fraudulent joinder.[1]

II.    *Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

---

[1] Plaintiff also challenges Defendant's removal as untimely and thus procedurally improper. *See* Pl.'s Mot. Remand at 8. In light of the Court's determination that remand is warranted due to a lack of complete diversity, the Court need not reach this issue.

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 7. It is further undisputed that Plaintiff and Defendant Siebert are citizens of Oklahoma for diversity purposes and that Defendant Allstate is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 1-3. Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiff seeks remand of this case to state court. *See* Pl.'s Mot. to Remand at 10; 28 U.S.C. § 1447(c). Allstate asserts that the Court has jurisdiction over this action because Plaintiff fraudulently joined Defendant Siebert, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 3; Def.'s Resp. at 13-28.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

III.    *Discussion*

   A. *Plaintiff' Ability to Establish a Claim Against Defendant Siebert*

Allstate contends that fraudulent joinder is shown by Plaintiff's inability to establish

3

a viable cause of action against the non-diverse defendant.  In evaluating Allstate's assertion of fraudulent joinder, the Court must "determine whether [Plaintiff] has any possibility of recovery against" Defendant Siebert.  *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'"  *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)).  "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable."  *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]"  *Smoot*, 378 F.2d at 882 (internal quotation marks omitted).  "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Id.* (citation and internal quotation marks omitted).

Plaintiff asserts a claim of negligent procurement of insurance/misrepresentation against Defendant Siebert.  *See* Pet. ¶¶ 38-48.

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance."  *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).  "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally."

4

*Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). "To discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds . . . .'' *Id.* (emphasis omitted).

An insurance agent is liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269. Further "an agent may by its representations or conduct, assume duties beyond those inherently tied to its role as agent." *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3 (W.D. Okla. Aug. 7, 2023).

Plaintiff alleges that he "informed Siebert of the specific property to be insured, provided all details requested about the Property, and asked Siebert to procure him a full replacement cost policy." Pet. ¶ 39. Defendant Siebert allegedly represented that the property was in great condition, satisfied all of Allstate's underwriting requirements, and that the "roof was in great condition" and "free from damage." *Id*. Defendant Siebert found the property qualified for a replacement cost policy, and the policy was issued. *See id*. ¶¶ 8, 18, 41, 45.

Plaintiff alleges that, despite these assurances, Allstate later relied on "pre-existing damage" to wrongfully deny his claim. *See id.* ¶¶ 10, 13, 14. Plaintiff asserts that, "Allstate's contention that Plaintiff's home was damaged before it insured it . . . directly contradicts the representations made by Siebert." *Id*. ¶ 47.

Upon consideration of the record, the Court finds that Allstate has not met its heavy burden to show with "complete certainty" that Plaintiff cannot state a negligent

procurement claim against Defendant Siebert in state court. *Smoot*, 378 F.2d at 882; *see Swickey*, 979 P.2d at 269; *Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. 2025) (remanding case where the plaintiffs alleged that "State Farm's denial was contrary to the [agent's] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189, 1194-95 (W.D. Okla. 2022) (remanding where the dispositive issue was the insurance agent's role in allegedly negligent underwriting a policy and the claim denial relied in part on pre-existing damage). Plaintiffs have a "possibly viable" claim that, by Defendant Siebert's fault, "insurance [was] not procured as promised and [Plaintiff] suffer[ed] a loss." *Montano*, 2000 WL 525592, at *2; *Swickey*, 979 P.2d at 269.

### B.  Summary

Accordingly, the Court may not disregard the citizenship of Defendant Matt Siebert Agency, LLC in assessing whether diversity jurisdiction exists under 28 U.S.C. § 1332(a). The Court concludes that there is not complete diversity of citizenship as required to establish jurisdiction under § 1332(a) and that remand is therefore required. *See* 28 U.S.C. § 1447(c).

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 10) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to

the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge